UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Joshua Ethan Francis,

    Plaintiff,

vs.

Brandon LaFever, solely in his individual
Capacity while as a corrections officer
for Dickson County Jail, in Charlotte,TN.,

    Defendant.

Case No. 22 CV 607 JDP

Complaint

Jury Demanded

# Complaint

For his complaint, Plaintiff, Joshua Ethan Francis, pro se, states and alleges as follows:

## I. Introduction

1.    This cause of action is for monetary damages brought pursuant to 42 U.S.C. § 1983 to redress the willful and knowing deprivation under color of state law against the Plaintiff's, Joshua Ethan Francis, clearly established rights as governed and secured by the Fourth and Fourteenth Amendments to the United States Constitution, against the singular Defendant, Brandon LaFever, in his individual capacity while as a corrections officer for Dickson County Jail in Charlotte, TN., for the Plaintiff, Joshua Ethan Francis, being sprayed blindsided with a

1

chemical spray agent by the singular Defendant, Brandon LeFever, on or about October 25, 2021, while the Plaintiff was a pre-trial detainee at Dickson County Jail in Charlotte, TN., that caused the Plaintiff, Joshua Ethan Francis, unnecessary and wanton pain and suffering, without warning of use of force by the singular Defendant, Brandon LaFever, without an attempt to resolve the matter without force, without cause, unjustified, egregious, motivated by malicious intent of vengeful punishment, and impossible to be found to be considered reasonable.

## II. Parties

2.      Singular Plaintiff, Joshua Ethan Francis, citizen of Wisconsin since 2012 and at the time of the initiation of this complaint. The Plaintiff, Joshua Ethan Francis, resides at and can be served at, 1302 Wilson Street, Menomonie, WI 54751 or wherever found.

3.      Singular Defendant, Brandon LaFever, in only his individual capacity while as a corrections officer at the Dickson County Jail in Charlotte, TN, was a citizen of the State of Tennessee at the time of the incident contained in this complaint, and is a citizen of the State of Tennessee at the time of the initiation of this complaint. Unverified residential address in Tennessee for Singular Defendant Brandon LeFever is 511 Hunter Court White Bluff, TN 37187. The singular Defendant, Brandon LaFever, can be served at 202 South Main Street Dickson, TN 37055 or wherever found.

## III. Venue And Jurisdiction

4. This court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

5. Venue is proper in this court within diversity of citizenship as the amount sought in this complaint is over $75,000 (seventy-five thousand dollars), the singular Defendant, Brendon LaFever, in his individual capacity while as a corrections officer at Dunn County Jail in Charlotte, TN. was a citizen of Tennessee at the time of the incidents of this complaint, and is a citizen of Tennessee at the initiating of the complaint, and the singular Plaintiff, Joshua Ethan Francis, was a citizen of Wisconsin at the time of the incidents of this complaint and is a citizen of Wisconsin at the initiating of this complaint. 28 U.S.C. § 1332 (a), *Leblanc v Cleveland, 248 F. 3d 95, 100 (2d Cir. 2001), and Aurora Loan Servs., Inc. v Craddieth, 442 F. 3d 1018, 1025 (7th Cir. 2006)*.

## IV. Factual Allegations

6. On or about October 25, 2021, the Plaintiff, Joshua Ethan Francis ("Francis"), was arrested in Dickson, Tennessee by Dickson City Police Officer Mason Deloach for the charges of disorderly conduct and non-emergency 911 calls, against which the Dickson County Grand Jury filed a "No True Bill" on February 15, 2022 with the Dickson County Circuit Court, and

**3**

was transported to the Dickson, Tennessee City Police Department and transferred to an unidentified officer ("Officer John Doe")[1] for transport to the Dickson County Jail in Charlotte, Tennessee.

7. Upon arrival at the Dickson County Jail, Officer John Doe escorted Francis into the booking and holding area where the singular Defendant, Brandon LaFever ("LaFever") was present and working as a corrections officer for Dunn County Jail.

8. LaFever told Francis to take his belt off and his shoes off and place them on the counter. Francis removed his belt and placed it on the counter, and removed his shoes but refused to pick them up and place them on the counter. Francis told Lafever he (Francis) wasn't a nigger when told to pick his shoes up and place them on the counter.

9. Francis then faced Officer John Doe who was in front of him behind the counter. Both LaFever and Officer John Doe began to shout at Francis to pick up his shoes and officer John Doe told Francis he (Francis) would be sorry if he didn't pick them up.

10. Francis remained calm, showing no signs of aggression, nor making any threats to anyone's safety, nor giving cause for alarm against anyone's safety.

11. Then LaFever, without attempting to resolve the situation without force, nor any warning of the use of force, sprayed Francis blindsided with a chemical spray agent in the eyes and face, and clothing.

---

[1] Identity will be learned during discovery.

12.	An unnamed pre-trial detainee[2] at Dickson County Jail later told Francis, in general population, that LaFever told him he sprayed Francis with the chemical spray agent because Francis called him (LaFevere) a nigger.

13.	LaFever then began to lead Francis toward the two showers in booking. One of which disperses only water and one of which disperses cleaning chemicals directly within the water of the shower and is used for new arrivals before being placed into the general population of the jail.

14.	LaFever took Francis to the shower that contained chemicals in the water after giving Francis inadequate solution to clean out his (Francis) eyes, ordered Francis to rinse off in the said shower that the water contained cleaning chemicals, which unquestionably would have caused Francis more pain and suffering.

15.	Francis was able to just make out what shower room he was in and refused to rinse off in the shower that contained cleaning chemicals within the water. LaFever wouldn't take Francis to the shower where the water contained no cleaning chemicals but instead only allowed him use of a water dispenser on the sink attached to the toilet, in the shower room where the shower water contains cleaning chemicals, that dispenses little more water than a water drinking fountain and LaFever wouldn't provide adequate solution to rinse with to lessen Francis' pain and suffering from the chemical spray agent.

---

[2] Identity will be learned during discovery.

5

16.     LaFever then put Francis in a holding cell in booking without letting him shower, change his clothes, nor have a medical examination or treatment. Francis wasn't allowed to shower nor change his clothes for two more days. During which time Francis was continuously affected by the chemical spray from his clothes.

17.     Francis was only allowed to shower and change his clothes, on or about October 27, 2021, because Lt. Adam Quigley spoke to Francis in response to an in house message sent to Lt. Adam Quigley from Francis on the jail's kiosk internal messaging system regarding the said incidents at the hands of LaFever on or about October 25, 2021, and a request to secure the video footage of the incident for a lawsuit, and Lt. Adam Quigley then ordered an unknown female corrections officer ("Officer Jane Doe") that Francis be given a shower and change of clothes. Francis was never afforded a medical examination or treatment.

18.     LaFever had multiple opportunities from on or about October 25, 2021 and October 27, 2021 to allow Francis to shower, change his clothes, and receive a medical examination and, if needed, treatment, before Lt. Adam Quigley ordered a shower and change of clothes for Francis, on or about October 27, 2021.

19.     Directly from LaFever spraying Francis with the chemical spray agent Francis suffered humiliation, mental anguish, pain and suffering to his eyes, face, body and his ability to breathe over multiple days, starting with the day the initial use of the chemical spray agent was used against him by LaFever, who offered little to no relief, until Lt Adam Quigley allowed Francis to shower and change his clothes, and then after his release as he was forced to put back

**6**

on his clothes, on or about November 2, 2021, when Francis was released from Dickson County Jail, that had been sprayed by LaFever with the chemical spray agent, as LaFever didn't have them sent to laundry to be washed to remove the chemical spray agent, and continues to suffer from mental anguish from the use of force with the chemical spray agent administered by LaFever.

## V. CAUSE OF ACTION

CLAIM #1: EXCESSIVE USE OF FORCE PROTECTED FROM BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION ( 42 U.S.C § 1983)

20. The Plaintiff incorporates and realleges the foregoing allegations as if fully set herein.

21. At all times relevant to this complaint, the Plaintiff had Fourth and Fourteenth Amendment rights as a citizen that were not inconsistent with his status as a suspect or defendant.

22. The Defendant acting in his individual capacity while as a corrections officer for Dunn County Jail in Charlotte, Tennessee, under the color of state law, violated the Plaintiff's clearly established rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

23. Use of force by the Defendant, on the Plaintiff, without justification, deemed reasonableness, or fear of safety, but instead in malicious vengeful punishment, willfully and knowingly choosing to inflict punishment by pain and suffering with use of a chemical agent spray and denying the Plaintiff relief and medical treatment, for personal reason(s) against the Plaintiff of perceiving being called a name by the Plaintiff and the Plaintiff not picking up his shoes and placing them on the counter, is a violation by the Defendant of the Plaintiff's U.S. Constitutional rights to be free of such acts, by the Fourth and Fourteenth Amendments of the U.S. Constitution.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. That the Plaintiff be awarded all compensatory, consequential, incidental, and punitive damages to which he is entitled in an amount not less than $500,000.
2. That the Plaintiff be awarded all costs and discretionary costs of trying this action.
3. That a jury be empaneled to try this case.
4. That the Plaintiff be awarded any and all further relief to which it appears he is entitled.

Respectfully submitted,

*/s/ Joshua Francis*

Joshua Ethan Francis
Pro Se
1302 Wilson Street
Menomonie, Wisconsin 54751
joshuaefis@gmail.com
(715)-575-7716

**8**